**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., and AUSPEX PHARMACEUTICALS, INC.,<br><br>     Plaintiffs,<br><br>     v.<br><br>LUPIN LTD., and LUPIN PHARMACEUTICALS, INC.,<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. ("Teva") and Auspex Pharmaceuticals, Inc. ("Auspex") (collectively, "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., which arises out of the submission by Lupin Ltd. of Abbreviated New Drug Application ("ANDA") No. 216065 ("Lupin's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions ("Lupin's ANDA Products") of Plaintiffs' AUSTEDO® (deutetrabenazine) products prior to the expiration of U.S. Patent Nos. 9,233,959 (the "'959 patent"), 9,296,739 (the "'739 patent"), 9,550,780 (the "'780 patent"); and 9,814,708 (the "'708 patent"). Collectively, the '959 patent, '739 patent, '780 patent, and '708 patent are referred to herein as the "Patents-in-Suit."

1

**PARTIES**

2.      Plaintiff Teva is a company organized under the laws of the State of Delaware with its principal place of business at 145 Brandywine Parkway, West Chester, Pennsylvania 19380.  In addition, Teva has a place of business at 400 Interpace Parkway #3, Parsippany, New Jersey 07054.

3.      Teva is the holder of New Drug Application ("NDA") No. 208082 for AUSTEDO® 6 mg, 9 mg, and 12 mg (deutetrabenazine) Tablet, Oral.  Teva's AUSTEDO® tablets are approved by the FDA for treatment of both tardive dyskinesia in adults and chorea associated with Huntington's disease.

4.      Plaintiff Auspex is a company organized under the laws of the State of Delaware with its principal place of business at 400 Interpace Parkway #3, Parsippany, New Jersey 07054.

5.      On information and belief, Defendant Lupin Ltd. is a company organized and existing under the laws of the Republic of India having its principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex Bandra (E), Mumbai 400051, Republic of India.

6.      On information and belief, Lupin Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey, through its own actions and through the actions of its agents and subsidiaries from which Lupin Ltd. derives a substantial portion of its revenue.

7.      On information and belief, Lupin Pharmaceuticals, Inc. is a wholly owned subsidiary of Lupin Ltd. in the United States.

8.  On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202. On information and belief, Lupin Pharmaceuticals, Inc. also has at least one established place of business in the State of New Jersey, including but not limited to manufacturing and research operations at the following business address: 400 Campus Drive, Somerset, New Jersey 08873. On information and belief, Lupin Pharmaceuticals, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs in the United States.

9.  On information and belief, Lupin Pharmaceuticals, Inc. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey.

10.  On information and belief, Lupin Pharmaceuticals, Inc. is registered to do business in New Jersey under entity identification numbers 01010433766 and/or 0100953673.

11.  On information and belief, Lupin Pharmaceuticals, Inc. is currently registered as a manufacturer and wholesaler in New Jersey under registration numbers 5005159 and/or 5004060.

12.  On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") acted in concert to prepare and submit Lupin's ANDA to the FDA.

13.  On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. know and intend that upon approval of Lupin's ANDA, Lupin will manufacture, market, offer for sale, sell, and distribute Lupin's ANDA Products throughout the United States, including in New Jersey.  On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. are agents of each

other and/or operate in concert as integrated parts of the same business group, including with respect to Lupin's ANDA Products, and enter into agreements that are nearer than arm's length. On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. participated, assisted, and cooperated in carrying out the acts complained of herein.

14.     On information and belief, following any FDA approval of Lupin's ANDA, Lupin Ltd. and Lupin Pharmaceuticals, Inc. will act in concert to distribute and sell Lupin's ANDA Products throughout the United States, including within New Jersey.

## JURISDICTION

15.     Plaintiffs incorporate each of the preceding paragraphs 1–14 as if fully set forth herein.

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17.     Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Lupin.

18.     Lupin Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Pharmaceuticals, Inc., has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. For example, on information and belief, Lupin Pharmaceuticals, Inc., Lupin Ltd., and their affiliates manufacture generic pharmaceuticals at a facility located at 400 Campus Drive, Somerset, NJ. In addition, on information and belief, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Pharmaceuticals, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United

States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey. Lupin Ltd. is also subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Lupin Pharmaceuticals, Inc. and therefore the activities of Lupin Pharmaceuticals, Inc. in this jurisdiction are attributed to Lupin Ltd.

19. Lupin Pharmaceuticals, Inc. is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here. For example, Lupin Pharmaceuticals, Inc. is registered to do business in the State of New Jersey under entity identification numbers 01010433766 and/or 0100953673, and Lupin Pharmaceuticals, Inc. is registered as a manufacturer and wholesaler in New Jersey under registration numbers 5005159 and/or 5004060. Moreover, on information and belief, Lupin Pharmaceuticals, Inc., Lupin Ltd., and their affiliates manufacture generic pharmaceuticals at a facility located at 400 Campus Drive, Somerset, NJ. In addition, on information and belief, Lupin Pharmaceuticals, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

20. In addition, this Court has personal jurisdiction over Lupin because, among other things, on information and belief: (1) Lupin filed Lupin's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products in the United States, including in New Jersey; and (2) upon approval of

5

Lupin's ANDA, Lupin will market, distribute, offer for sale, sell, and/or import Lupin's ANDA Products in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Lupin's ANDA Products in New Jersey. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Lupin's ANDA, Lupin's ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

21. In addition, this Court has personal jurisdiction over Lupin because Lupin Ltd. and Lupin Pharmaceuticals, Inc. regularly (1) engage in patent litigation concerning Lupin's ANDA products in this District, (2) do not contest personal jurisdiction in this District, and (3) purposefully avail themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g.*, *Sun Pharma GlobalFZE v. Lupin Ltd.,* Civil Action No. 18-02213, Dkt. 12 (D.N.J. May 15, 2018); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016); *Jazz Pharm., Inc. v. Lupin Ltd.*, Civil Action No. 13-00391, Dkt. 222 (D.N.J. Feb. 26, 2016); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105, Dkt. 11 (D.N.J. Nov. 20, 2014).

22. For the above reasons, it would not be unfair or unreasonable for Lupin to litigate this action in this District, and the Court has personal jurisdiction over it here.

**<u>VENUE</u>**

23. Plaintiffs incorporate each of the proceeding paragraphs 1–22 as if fully set forth herein.

6

24.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) with respect to Lupin Ltd., at least because, on information and belief, Lupin Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

25.     Venue is proper in this Court as to Lupin Pharmaceuticals, Inc. because, among other things, Lupin Pharmaceuticals, Inc. has a regular and established place of business in this District, and has committed or aided, abetted, contributed to, and/or participated in the commission of acts of infringement of the Patents-in-Suit that will lead to foreseeable harm and injury to Plaintiffs by filing or assisting in filing the Lupin ANDA in New Jersey with the intention of seeking to market Lupin's ANDA Products nationwide, including within New Jersey.  28 U.S.C. § 1400(b).

26.     Moreover, Lupin has not contested venue in New Jersey in one or more prior cases arising out of the filing of its ANDAs.  *See, e.g., Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, Civil Action No. 18-16708, Dkt. 15 (D.N.J. Feb. 1, 2019) (Lupin Ltd.); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, Civil Action No. 18-13700, Dkt. 12 (D.N.J. Jan. 28, 2019) (Lupin Ltd.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-12663, Dkt. 23 (D.N.J. Oct. 30, 2018) (Lupin Ltd.); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016) (Lupin Ltd. and Lupin Pharmaceuticals, Inc.); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, Civil Action No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015) (Lupin Ltd. and Lupin Pharmaceuticals, Inc.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, Civil Action No. 14-07105, Dkt. 11 (D.N.J. Nov. 20, 2014) (Lupin Ltd. and Lupin Pharmaceuticals, Inc.).

## BACKGROUND

### The '959 Patent

27.     The '959 patent, entitled "Formulations and Pharmacokinetics of Deuterated Benzoquinoline Inhibitors of Vesicular Monoamine Transporter 2" (Exhibit A), duly and legally issued on January 12, 2016.

28.     Auspex is the owner and assignee of the '959 patent.

29.     The '959 patent lists as inventors Andreas Sommer, Chengzhi Zhang, John Carter, John Arthur, Margaret Bradbury, Thomas Gant, and Manouchehr Shahbaz.

30.     The '959 patent is listed in connection with AUSTEDO® in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the "Orange Book."

31.     Claim 1 of the '959 patent claims:

> 1. A pharmaceutical composition comprising, in a solid dosage form for oral delivery of between about 100 mg and about 1 g total weight:
>
> between about 2% and about 18% of $d_6$-tetrabenazine;
> between about 60% and about 70% mannitol;
> between about 15% and about 25% microcrystalline cellulose;
> between about 1% and about 10% of a polyvinylpyrrolidone;
> between about 0.5% and about 2% of a polysorbate;
> between about 5% and about 20% of a poly(ethylene oxide) polymer; and
> between about 0.5% and about 2% of magnesium stearate.

### The '739 Patent

32.    The '739 patent, entitled "Formulations and Pharmacokinetics of Deuterated Benzoquinoline Inhibitors of Vesicular Monoamine Transporter 2" (Exhibit B), duly and legally issued on March 29, 2016.

33.    Auspex is the owner and assignee of the '739 patent.

34.    The '739 patent lists as inventors Andreas Sommer, Chengzhi Zhang, John Carter, John Arthur, Margaret Bradbury, Thomas Gant, and Manouchehr Shahbaz.

35.    The '739 patent is listed in connection with AUSTEDO® in the Orange Book.

36.    Claim 1 of the '739 patent claims:

> 1. A pharmaceutical composition comprising, in a solid dosage form for oral delivery of between about 100 mg and about 1 g total weight:
>
> between about 2% and about 18% of a mixture of compounds of structural Formula I

(I)

> or a salt thereof, wherein:
>
> $R_1$-$R_6$ are independently selected from the group consisting of hydrogen and deuterium, and the composition has deuterium enrichment of at least 10% in the compounds of Formula I;
> between about 60% and about 70% mannitol;
> between about 15% and about 25% microcrystalline cellulose;
> between about 1% and about 10% of a polyvinylpyrrolidone;
> between about 0.5% and about 2% of a polysorbate;
> between about 5% and about 20% of a poly(ethylene oxide) polymer;

and
between about 0.5% and about 2% of magnesium stearate.

### The '780 Patent

37.    The '780 patent, entitled "Formulations Pharmacokinetics of Deuterated Benzoquinoline Inhibitors of Vesicular Monoamine Transporter 2" (Exhibit C), duly and legally issued on January 24, 2017.

38.    Auspex is the owner and assignee of the '780 patent.

39.    The '780 patent lists as inventors Andreas Sommer, Chengzhi Zhang, John Carter, John Arthur, Margaret Bradbury, Thomas Gant, and Manouchehr Shahbaz.

40.    The '780 patent is listed in connection with AUSTEDO® in the Orange Book.

41.    Claim 1 of the '780 Patent claims:

> 1. A compound that is crystalline $d_6$-tetrabenazine Form I having deuterium enrichment of no less than about 1%, and having an X-ray diffractogram comprising peaks, in terms of $2\theta\pm0.2$, at 6.5, 12.2, 14.4, 22.4 and 23.4; or a pharmaceutically acceptable salt or hydrate thereof.

### The '708 Patent

42.    The '708 patent, entitled "Formulations and Pharmacokinetics of Deuterated Benzoquinoline Inhibitors of Vesicular Monoamine Transporter 2" (Exhibit D), duly and legally issued on November 14, 2017.

43.    Auspex is the owner and assignee of the '708 patent.

44.    The '708 patent lists as inventors Andreas Sommer, Chengzhi Zhang, John Carter, John Arthur, Margaret Bradbury, Thomas Gant, and Manouchehr Shahbaz.

45. The '708 patent is listed in connection with AUSTEDO® in the Orange Book.

46. Claim 1 of the '708 patent claims:

> 1. An extended-release pharmaceutical formulation comprising 6 to 24 mg of $d_6$-tetrabenazine and between about 5% and about 20% by weight, based on the weight of the formulation, of a poly(ethylene oxide) polymer, wherein upon administration to a subject:
>
> the formulation provides a reduction in dose relative to a formulation comprising non-deuterated tetrabenazine; and
>
> maintains at least the same AUC of the total combined amount of $d_6$-$\alpha$-dihydrotetrabenazine and $d_6$-$\beta$-dihydrotetrabenazine relative to $\alpha$-dihydrotetrabenazine and $\beta$-dihydrotetrabenazine of the formulation comprising non-deuterated tetrabenazine.

## INFRINGEMENT BY LUPIN

47. By letter dated May 20, 2021 ("Lupin's Notice Letter"), Lupin notified Plaintiffs that it had filed a Paragraph IV Certification with respect to the Patents-in-Suit and was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the Patents-in-Suit. On information and belief, Lupin's ANDA contains a Paragraph IV Certification asserting that the Patents-in-Suit will not be infringed by the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Products, and/or that the Patents-in-Suit are invalid and/or unenforceable.

48. The purpose of Lupin's submission of Lupin's ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the Patents-in-Suit.

49. Lupin's Notice Letter did not dispute infringement or validity of two additional patents—U.S. Patent No. 8,524,733 and U.S. Patent No. 10,959,996—that were listed for AUSTEDO® in the Orange Book at the time Lupin submitted its ANDA.

50. In Lupin's Notice Letter, Lupin stated that the subject of Lupin's ANDA is "Deutetrabenazine Tablet, Oral, 6 mg, 9 mg, and 12 mg."

51. In Lupin's Notice Letter, Lupin stated that the active ingredient of Lupin's ANDA Products is deutetrabenazine.

52. In Lupin's Notice Letter, Lupin stated that the proposed dosage strengths of Lupin's ANDA Products are 6 mg, 9 mg, and 12 mg of deutetrabenazine.

53. In Lupin's Notice Letter, Lupin stated that the dosage form of Lupin's ANDA Products is an oral tablet.

54. In an exchange of correspondence, counsel for Plaintiffs and counsel for Lupin discussed the terms of Lupin's Offer of Confidential Access. The parties did not agree on terms under which Plaintiffs could review, among other things, Lupin's ANDA and the Drug Master File referred to therein, and Lupin refused to produce samples of Lupin's ANDA Products and other internal documents and materials relevant to infringement.

55. This action is being commenced before the expiration of forty-five days from the date of the receipt of Lupin's Notice Letter.

## COUNT I – INFRINGEMENT BY LUPIN OF THE '959 PATENT UNDER 35 U.S.C. § 271(e)(2)

56. Plaintiffs incorporate each of the preceding paragraphs 1–55 as if fully set forth herein.

57.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the '959 patent was an act of infringement of the '959 patent under 35 U.S.C. § 271(e)(2)(A).

58.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '959 patent, recited above, either literally or under the doctrine of equivalents.

59.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products immediately and imminently upon FDA approval of Lupin's ANDA.

60.     On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '959 patent, recited above.

61.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '959 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

62.     On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '959 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '959 patent after approval of Lupin's ANDA.

63. The foregoing actions by Lupin constitute and/or will constitute infringement of the '959 patent, active inducement of infringement of the '959 patent, and contribution to the infringement by others of the '959 patent.

64. On information and belief, Lupin has acted with full knowledge of the '959 patent and without a reasonable basis for believing that it would not be liable for infringing the '959 patent, actively inducing infringement of the '959 patent, and contributing to the infringement by others of the '959 patent.

65. Unless Lupin is enjoined from infringing the '959 patent, actively inducing infringement of the '959 patent, and contributing to the infringement by others of the '959 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – INFRINGEMENT BY LUPIN
## OF THE '739 PATENT UNDER 35 U.S.C. § 271(e)(2)

66. Plaintiffs incorporate each of the preceding paragraphs 1–65 as if fully set forth herein.

67. Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the '739 patent was an act of infringement of the '739 patent under 35 U.S.C. § 271(e)(2)(A).

68. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '739 patent, recited above, either literally or under the doctrine of equivalents.

69. On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products immediately and imminently upon FDA approval of Lupin's ANDA.

70. On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '739 patent, recited above.

71. On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '739 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

72. On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '739 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '739 patent after approval of Lupin's ANDA.

73. The foregoing actions by Lupin constitute and/or will constitute infringement of the '739 patent, active inducement of infringement of the '739 patent, and contribution to the infringement by others of the '739 patent.

74. On information and belief, Lupin has acted with full knowledge of the '739 patent and without a reasonable basis for believing that it would not be liable for infringing the '739 patent, actively inducing infringement of the '739 patent, and contributing to the infringement by others of the '739 patent.

75. Unless Lupin is enjoined from infringing the '739 patent, actively inducing infringement of the '739 patent, and contributing to the infringement by others of the '739 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT III – INFRINGEMENT BY LUPIN**
**OF THE '780 PATENT UNDER 35 U.S.C. § 271(e)(2)**

76. Plaintiffs incorporate each of the preceding paragraphs 1–75 as if fully set forth herein.

77. Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the '780 patent was an act of infringement of the '780 patent under 35 U.S.C. § 271(e)(2)(A).

78. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '780 patent, recited above, either literally or under the doctrine of equivalents.

79. On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products immediately and imminently upon FDA approval of Lupin's ANDA.

80. On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '780 patent, recited above.

81. On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '780 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

82.     On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '780 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '780 patent after approval of Lupin's ANDA.

83.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '780 patent, active inducement of infringement of the '780 patent, and contribution to the infringement by others of the '780 patent.

84.     On information and belief, Lupin has acted with full knowledge of the '780 patent and without a reasonable basis for believing that it would not be liable for infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent.

85.     Unless Lupin is enjoined from infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – INFRINGEMENT BY LUPIN OF THE '708 PATENT UNDER 35 U.S.C. § 271(e)(2)

86.     Plaintiffs incorporate each of the preceding paragraphs 1–85 as if fully set forth herein.

87.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Products prior to the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

88.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '708 patent, recited above, either literally or under the doctrine of equivalents.

89.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products immediately and imminently upon FDA approval of Lupin's ANDA.

90.     On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '708 patent, recited above.

91.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '708 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

92.     On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '708 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '708 patent after approval of Lupin's ANDA.

93.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '708 patent, active inducement of infringement of the '708 patent, and contribution to the infringement by others of the '708 patent.

94.     On information and belief, Lupin has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringing the

'708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent.

95.   Unless Lupin is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT V – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF THE '959 PATENT

96.   Plaintiffs incorporate each of the preceding paragraphs 1–95 as if fully set forth herein.

97.   Lupin has knowledge of the '959 patent.

98.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '959 patent, recited above, either literally or under the doctrine of equivalents.

99.   On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products with their proposed labeling upon FDA approval of Lupin's ANDA.

100.   On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '959 patent, recited above.

101.   On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '959 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

102.    On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '959 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '959 patent after approval of Lupin's ANDA.

103.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '959 patent, active inducement of infringement of the '959 patent, and contribution to the infringement by others of the '959 patent.

104.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '959 patent, actively inducing infringement of the '959 patent, and contributing to the infringement by others of the '959 patent.

105.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products with their proposed labeling according to Lupin's ANDA will infringe at least claim 1 of the '959 patent, recited above, and whether the claims of the '959 patent are valid.

106.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '959 patent and that the claims of the '959 patent are valid.

107.    Lupin should be enjoined from infringing the '959 patent, actively inducing infringement of the '959 patent, and contributing to the infringement by others of the '959 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT
## BY LUPIN OF THE '739 PATENT

108.    Plaintiffs incorporate each of the preceding paragraphs 1–107 as if fully set forth herein.

109.    Lupin has knowledge of the '739 patent.

110.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '739 patent, recited above, either literally or under the doctrine of equivalents.

111.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products with their proposed labeling upon FDA approval of Lupin's ANDA.

112.    On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '739 patent, recited above.

113.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '739 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

114.    On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '739 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '739 patent after approval of Lupin's ANDA.

21

115. The foregoing actions by Lupin constitute and/or will constitute infringement of the '739 patent, active inducement of infringement of the '739 patent, and contribution to the infringement by others of the '739 patent.

116. On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '739 patent, actively inducing infringement of the '739 patent, and contributing to the infringement by others of the '739 patent.

117. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products with their proposed labeling according to Lupin's ANDA will infringe at least claim 1 of the '739 patent, recited above, and whether the claims of the '739 patent are valid.

118. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '739 patent and that the claims of the '739 patent are valid.

119. Lupin should be enjoined from infringing the '739 patent, actively inducing infringement of the '739 patent, and contributing to the infringement by others of the '739 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF THE '780 PATENT

120. Plaintiffs incorporate each of the preceding paragraphs 1–119 as if fully set forth herein.

121. Lupin has knowledge of the '780 patent.

22

122.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '780 patent, recited above, either literally or under the doctrine of equivalents.

123.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products with their proposed labeling upon FDA approval of Lupin's ANDA.

124.    On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '780 patent, recited above.

125.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '780 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

126.    On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '780 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '780 patent after approval of Lupin's ANDA.

127.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '780 patent, active inducement of infringement of the '780 patent, and contribution to the infringement by others of the '780 patent.

128.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent.

129.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products with their proposed labeling according to Lupin's ANDA will infringe at least claims 18–27 of the '780 patent, and whether the claims of the '780 patent are valid.

130.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '780 patent and that the claims of the '780 patent are valid.

131.    Lupin should be enjoined from infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF THE '708 PATENT

132.    Plaintiffs incorporate each of the preceding paragraphs 1–131 as if fully set forth herein.

133.    Lupin has knowledge of the '708 patent.

134.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products would infringe at least claim 1 of the '708 patent, recited above, either literally or under the doctrine of equivalents.

135.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Products with their proposed labeling upon FDA approval of Lupin's ANDA.

136.    On information and belief, the use of Lupin's ANDA Products in accordance with and as directed by Lupin's proposed labeling for those products would infringe at least claim 1 of the '708 patent, recited above.

137.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '708 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

138.    On information and belief, Lupin knows that its ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '708 patent and that its ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '708 patent after approval of Lupin's ANDA.

139.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '708 patent, active inducement of infringement of the '708 patent, and contribution to the infringement by others of the '708 patent.

140.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent.

141.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Products with their proposed labeling according to Lupin's ANDA will infringe at least claim 1 of the '708 patent, recited above, and whether the claims of the '708 patent are valid.

142.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '708 patent and that the claims of the '708 patent are valid.

143.    Lupin should be enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Lupin has infringed, will infringe, and will induce and contribute to infringement of each of the Patents-in-Suit;

(b)    A judgment that the Patents-in-Suit are valid and enforceable;

(c)    A judgment pursuant to, among other things, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Lupin to make, use, offer for sale, sell, market, distribute, or import Lupin's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall not be earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Lupin, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing,

or importing Lupin's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(f) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Lupin engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Lupin's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g) A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

27

(h)    An award of Plaintiffs' costs and expenses in this action; and

(i)    Such further and other relief as this Court may deem just and proper.

Dated: July 1, 2021

OF COUNSEL:
David I. Berl
Thomas S. Fletcher
Shaun P. Mahaffy
Michaela S. Wilkes Klein
Julie L. Tavares
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Teva Branded
Pharmaceutical Products R&D, Inc. and
Auspex Pharmaceuticals, Inc.*

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiffs Teva Branded
Pharmaceutical Products R&D, Inc. and
Auspex Pharmaceuticals, Inc.*

**Local Rule 11.2 Certification**

We hereby certify that, to the best of our knowledge, the matter in controversy is not the subject of any action pending in any court or of any arbitration or administrative proceeding, but it is related to the following action:

- *Teva Branded Pharmaceutical Products R&D, Inc., et al. v. Aurobindo Pharma Ltd., et al.*, No. 3:21-cv-13240, (D.N.J.).

Dated: July 1, 2021

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
David I. Berl
Thomas S. Fletcher
Shaun P. Mahaffy
Michaela S. Wilkes Klein
Julie L. Tavares
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Auspex Pharmaceuticals, Inc.*

*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Auspex Pharmaceuticals, Inc.*

## Local Rule 201.1 Certification

We hereby certify that the above captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, injunctive relief.

Dated: July 1, 2021

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly

OF COUNSEL:
David I. Berl
Thomas S. Fletcher
Shaun P. Mahaffy
Michaela S. Wilkes Klein
Julie L. Tavares
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

William T. Walsh, Jr.
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Auspex Pharmaceuticals, Inc.*

*Attorneys for Plaintiffs Teva Branded Pharmaceutical Products R&D, Inc. and Auspex Pharmaceuticals, Inc.*